UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAUL LONG; and KIANDRA LOVE,

    Plaintiffs,

v.                                                              Case No. 6:18-cv-154-Orl-37DCI

BITCONNECT INTERNATIONAL,
PLC; BITCONNECT LTD;
BITCONNECT TRADING LTD; and
RYAN MAASEN,

    Defendants.
_____

## ORDER

Plaintiffs initiated this putative class action by filing a five-count complaint against Defendants alleging violations of Florida law and federal securities law. (Doc. 1.) Upon review, the Complaint is due to be dismissed *sua sponte* because it insufficiently alleges subject matter jurisdiction and is an impermissible shotgun pleading.

First, Plaintiffs have failed to plead their own citizenship. Instead, they allege that: (1) Plaintiff Paul Long "is . . . living in Volusia County"; and (2) Plaintiff Kiandra Love "is . . . living in Orange City, Florida." (Doc. 1, ¶¶ 13, 14.) These allegations are tantamount to residency, which standing alone, is insufficient to establish an individual's citizenship. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). Rather, the citizenship of an individual is determined by domicile, which is established by

residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

Next, the Complaint is also an impermissible shotgun pleading, as "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). Such pleadings impose on the Court the onerous task of sifting out irrelevancies to determine which facts are relevant to which causes of action. *See id.* at 1323. Described as "altogether unacceptable" by the U.S. Court of Appeals for the Eleventh Circuit, when a shotgun pleading is filed in this Court, repleader is required. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125–28 (11th Cir. 2014). If the Court does not require repleader, then "all is lost." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998). Here, each successive count in the Complaint carries with it all that came before. (*See* Doc. 1, ¶¶ 104, 114, 120, 129.) So Plaintiffs must replead.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.
2. On or before Tuesday, **February 13, 2018**, Plaintiff may file an amended complaint that remedies the deficiencies identified in this Order. Failure to file may result in closure of this action without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 6, 2018.


ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record